IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOHN FLYNN, JAMES BOLAND, GERALD O'MALLEY, KEN LAMBERT, GERARD SCARANO, H. J. BRAMLETT, EUGENE GEORGE, PAUL SONGER, CHARLES VELARDO, MATTHEW AQUILINE, GREGORY R. HESS, MICHAEL SCHMERBECK, VINCENT DELAZZERO, and BEN CAPP, JR., as Trustees of, and on behalf of, the BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND,<br>  1776 Eye Street, NW, Fifth Floor<br>  Washington, DC  20006<br>  (202) 783-3788,<br><br>INTERNATIONAL MASONRY INSTITUTE<br>  1776 Eye Street, NW, Fifth Floor<br>  Washington, DC  20006<br>  (202) 783-3788,<br><br>  and<br><br>INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS<br>  1776 Eye Street, NW, Fifth Floor<br>  Washington, DC  20006<br>  (202) 783-3788,<br><br>                    Plaintiffs,<br><br>          v.<br><br>LEVA BROS. TILE & MARBLE CO., INC.,<br>  413 Commerce Road<br>  Vestal, NY 13850,<br><br>                    Defendant. | Civil Action No. |

## COMPLAINT

Plaintiffs, by their attorneys, DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP, complaining of the Defendant, allege as follows:

2102824.01

## CAUSE OF ACTION

### Jurisdiction and Venue

1. This is an action brought by the fiduciaries of the Bricklayers & Trowel Trades International Pension Fund ("IPF"), and the fiduciaries of the International Masonry Institute ("IMI"), to enforce the terms of the Plan and Trust Agreements adopted by the IPF and IMI and the provisions of Section 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1145. This action arises under the laws of the United States, specifically Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). Pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), jurisdiction is therefore conferred on this Court. As to the claims brought by the International Union of Bricklayers and Allied Craftworkers ("BAC"), jurisdiction is conferred under § 301 of the Labor-Management Relations Act, 29 U.S.C. § 185.

2. The IPF and IMI are administered in the District of Columbia. Venue for the claims asserted by the IPF and IMI is conferred on this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), which provides:

> (2) Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

3. BAC maintains its principle office in the District of Columbia. Venue for the claims asserted by the BAC is therefore conferred on this Court pursuant to 29 U.S.C. § 185(c)(1).

### Parties

4. Plaintiffs, John Flynn, James Boland, Gerald O'Malley, Ken Lambert, Gerard Scarano, H. J. Bramlett, Eugene George, Paul Songer, Charles Velardo, Matthew

2

Aquiline, Gregory R. Hess, Michael Schmerbeck, Vincent DeLazzero and Ben Capp, Jr., are Trustees of, and sue on behalf of, the IPF. The IPF is an "employee benefit plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37). Plaintiffs bring this action on behalf of, and for the benefit of, the beneficiaries of the IPF in their respective capacities as fiduciaries.

5. The IPF is also authorized to effect collections on behalf of the IMI and BAC, pursuant to a written Assignment of Claims and the *Collection Procedures of the Central Collection Unit of the Bricklayers and Allied Craftworkers* ("Collection Procedures").

6. Plaintiff, IMI, is an "employee benefit plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).

7. Plaintiff, BAC, an unincorporated association, is a labor organization within the meaning of 29 U.S.C. § 152(5) and is entitled to bring suit under 29 U.S.C. § 185.

8. Defendant, Leva Bros. Tile & Marble Co., Inc., is, and at all times hereinafter mentioned was, a company maintaining offices and conducting business in the state of New York.

9. Defendant employs or has employed members of the International Union of Bricklayers and Allied Craftsmen and its affiliated local unions ("Union").

### Violation Charged

10. Leva Bros. Tile & Marble Co., Inc., acting through its authorized agent or officer, executed a collective bargaining agreement with the Union. That collective

bargaining agreement is annexed hereto as Exhibit A and is hereinafter referred to as the "Agreement".

11. Pursuant to the Agreement, Defendant agreed to make certain payments to the IPF, IMI, and BAC on behalf of covered employees of Defendant.

12. Having submitted some contributions, Defendant has demonstrated an awareness of the obligation to make those payments.

13. An examination of Defendant's books and records ("audit") performed by the independent accounting firm of Arcara & Borczynski LLP covering the time period January 2002 through September 2005 revealed that Defendant failed to properly submit required reports and contributions for work performed during this time period.

14. In addition, Defendant submitted reports to the IPF for work performed pursuant to the Agreement during the months of November 2005 through April 2006, but failed to submit related fringe benefit contributions. Accordingly, the IPF determined the amounts due for this time period by conducting its own Recap based on the reports submitted by Defendant.

15. The total of contributions due the IPF and IMI by Defendant for work performed during the months of January 2002 through September 2005, as determined by the audit, amounts to $28,464.15.

16. Under the terms of the Plan and Trust Agreements adopted by the IPF and IMI, interest in the amount of $5,742.04 and an additional computation of interest in the amount of $5,742.04, calculated from the Due Date at the rate of 15 percent per annum have been assessed on such delinquent contributions determined due by the audit.

2102824.01

17. The total of contributions due the IPF and IMI by Defendant for work performed during the months of November 2005 through April 2006 as determined by the IPF Recap, amounts to $10,040.80.

18. Under the terms of the Plan and Trust Agreements adopted by the IPF and IMI, interest in the amount of $287.02 calculated from the Due Date at the rate of 15 percent per annum and liquidated damages in the amount of $1,288.32 at the rate of 20 percent have been assessed on such delinquent contributions determined due by the IPF Recap.

19. Defendant also owes the BAC delinquent dues checkoff moneys in the amount of $4,263.53 for work performed during January 2002 through September 2005 as determined by the audit and in the amount of $1,396.16 for work performed during the months of November 2005 through April 2006 as determined by the IPF Recap.

20. In addition, Defendant owes the BAC $1,031.00 in interest on delinquent dues checkoff determined due by the audit and $40.07 in interest on delinquent dues checkoff determined due by the IPF Recap.

21. Plaintiffs have brought this action in faithful performance of the fiduciary duties imposed upon them under Section 404(a)(1) of ERISA, 29 U.S.C. § 1104(a)(1). Plaintiffs have been, and are, incurring additional attorney's fees as a direct result of Defendant's failure to make contributions in accordance with the terms and conditions of the Agreement.

22. Defendant paid a total of $10,000 to Plaintiffs after the Due Date on the total of delinquent contributions (in the amount of $38,504.95) due the IPF as outlined

above. Defendant, therefore, owes the IPF a balance of $28,504.95 in delinquent contributions.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1. For the total amount of $55,095.13, which is constituted as follows:

    a. For unpaid contributions in the amount of $28,504.95 payable to the IPF and IMI for the time period January 2002 through September 2005 and November 2005 through April 2006 (ERISA Section 502(g)(2)(A); Collection Procedures);

    b. For interest in the amount of $6,029.06 assessed on unpaid contributions (in the amount of $28,504.95 as outlined above) due the IPF and on contributions (in the amount of $10,000) paid after the Due Date, calculated at 15 percent per annum from the Date Due (ERISA Section 502(g)(2)(B); Collection Procedures);

    c. For an additional computation of interest (calculated at the rate of 15 percent per annun), and/or liquidated damages (at the rate of 20 percent), in the amount of $7,030.36, assessed on unpaid contributions (in the amount of $28,504.95 as outlined above) due the IPF and on contributions (in the amount of $10,000) paid after the Due Date (ERISA Section 502(g)(2)(C)(i); Collection Procedures);

    d. For dues checkoff moneys owed to the BAC in the amount of $5,659.69 (29 U.S.C. § 185; Collection Procedures);

    e. For interest in the amount of $1,071.07 on such delinquent dues checkoff moneys (29 U.S.C. § 185; Collection Procedures);

    f. For the costs of filing this action in the amount of $350.00 (ERISA Section 502(g)(2)(D));

2102824.01

g. For the costs of conducting the audit in the amount of $4,950.00 (ERISA Section 502(g)(2)(D));

h. For attorney's fees incurred in this action in the amount of $1,500.00 (ERISA Section 502(g)(2)(D)).

2. In the amount of Five Thousand Dollars ($5,000.00), and such additional amounts as may be incurred, representing attorney's fees and costs of this action (ERISA Section 502(g)(2)(D)).

3. That Defendant be directed to comply with its obligations to correctly report and to contribute to the IPF IMI, and BAC all additional reports and contributions due and owing, and to pay the costs and disbursements of this action.

4. Such other relief as this Court deems appropriate, including judgment for any contributions and/or interest thereon that may accrue subsequent to the filing of this complaint, as well as any resulting statutory damages thereon under ERISA.

Dated: June 26, 2006         By: _____
                             Ira R. Mitzner, DC Bar No. 184564
                             DICKSTEIN SHAPIRO MORIN
                               & OSHINSKY LLP
                             2101 L Street, NW
                             Washington, DC 20037-1526
                             (202) 828-2234

                             Attorneys for Plaintiffs